108 F.3d 338
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Mohammed Tahir NASER, Petitioner-Appellant,
v.
Richard K. ROGERS, District Director, Immigration &
Naturalization Service, Respondent-Appellee.
 No. 95-56630.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 13, 1996.*
Decided Feb. 20, 1997.
 
 Before: FERGUSON, BEEZER and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Petitioner Mohammed Naser is an Afghani citizen who attempted to enter the United States with a false passport. He conceded deportability and applied for asylum pursuant to 8 U.S.C. § 1158(a) and withholding of deportation pursuant to 8 U.S.C. § 1253(h). The Immigration Judge ("IJ") denied Naser's application for asylum and withholding of deportation. Naser appealed his denial of asylum to the Board of Immigration Appeals ("BIA"). The BIA affirmed the denial. Naser petitioned the district court for a writ of habeas corpus. The district court denied his petition. Naser appeals.
 
 II
 
 3
 We review the district court's denial of Naser's habeas petition de novo. Surinder Singh v. Ilchert, 69 F.3d 375, 378 (9th Cir.1995). "The issues before this court are thus in the same posture as those before the district court and require us to consider the rulings of the BIA." Id. (quotation omitted).
 
 
 4
 Naser appeals the BIA's determination that the record supported the IJ's adverse credibility finding. We review credibility findings for substantial evidence. Nasseri v. Moschorak, 34 F.3d 723, 726 (9th Cir.1994). Adverse credibility findings are afforded substantial deference when those findings are supported by "specific, cogent reasons." Id.
 
 
 5
 The record supports the BIA's conclusions regarding: (1) whether Naser was truthful when he claimed his statement was not read back to him, and (2) whether Naser was truthful when he claimed that the Immigration officer who questioned him shouted at him because of Naser's difficulty in understanding the interpreter. The BIA's conclusions possess a rational and supportable connection with its adverse determination of credibility. We hold that substantial evidence supports the BIA's adverse credibility finding.
 
 III
 
 6
 Without credible testimony from Naser, the record lacks evidence to support a determination that Naser suffered past persecution or that he has a well-founded fear of future persecution. The denial of Naser's petition was proper.
 
 
 7
 PETITION DENIED.
 
 
 8
 FERGUSON, Circuit Judge, dissenting.
 
 
 9
 I dissent. The IJ found Mr. Naser not to be credible because he doubted the veracity of (1) Mr. Naser's claim to have been persecuted because of his participation in Mujahedin anti-government activities in Afghanistan and (2) Mr. Naser's recollection of his initial interview with INS officials. The BIA, having conducted an independent review of the record, denied Mr. Naser's asylum application, concluding Mr. Naser was not credible. However, the BIA's adverse credibility findings were based exclusively on discrepancies between Mr. Naser's testimony about his initial interview with the INS and testimony from an INS official who observed part of the interview. The BIA did not adopt the IJ's adverse credibility findings related to Mr. Naser's past persecution testimony.
 
 
 10
 I agree with the BIA that the IJ adverse credibility findings related to Mr. Naser's testimony of having suffered political persecution in Afghanistan is not valid. The IJ made baseless assumptions about what qualifies as reasonable behavior for a young boy and his family living in Afghanistan. For instance, the IJ stated:
 
 
 11
 Here we have a young man who's thirteen, fourteen, fifteen years old out in a country that's at war either with his brother or with a friend late at night putting up [political] flyers. I find that rather hard to believe especially after respondent admitted at one point in his testimony that there is danger being out at night since there is a war going on.
 
 The IJ also asserted:
 
 12
 [H]ere we have a person who says that he and his family have identification cards showing that they are members of the Mujahedin, but they live in government controlled areas. I find this hard to believe and improbable. What would be the purpose of exposing yourself like this if you lived in a government controlled area. [sic] It would seem to me that a reasonable person would have nothing that would identify themselves with the enemy much less identification cards that clearly establish that you are part of the enemy and keep them in the family home.
 
 
 13
 While this court gives considerable deference to credibility determinations of Immigration Judges, see e.g., Vilorio-Lopez v. INS, 852 F.2d 1137, 1141-42 (9th Cir.1988), we must not permit speculation about matters of which adjudicators have no experience or knowledge.
 
 
 14
 The grounds for the BIA's adverse credibility determination similarly does not justify denying Mr. Naser's asylum application. This court has recognized that asylum applicants often do not possess documentary evidence regarding the nature of their past persecution. Aguilera-Cota v. INS, 914 F.2d 1375, 1379 (9th Cir.1990). We have therefore held that "[w]here the evidence is not available, the applicant's testimony will suffice if it is credible, persuasive, and specific." Id.
 
 
 15
 The BIA questioned several aspects of Mr. Naser's testimony, however, the majority acknowledges only two. First, the majority agrees with the BIA that there are seeming contradictions between Mr. Naser's claim that his statement was never read back to him and testimony from an INS official who observed part of the interview. Second, the majority rejects Mr. Naser's claim that he was treated with intolerance during that interview because he had problems understanding the INS interpreter.
 
 
 16
 These two findings reveal nothing about whether or not Mr. Naser is an honest individual or whether or not he feared for his safety in Afghanistan. See Damaize-Job v. INS, 787 F.2d 1332, 1338 (9th Cir.1986) (rejecting the IJ's adverse credibility findings of an applicant because they failed to reflect any inconsistencies in the applicant's testimony regarding his eligibility for asylum). From the record it is apparent that these inconsistencies are better explained by the fact that Mr. Naser was considerably confused during the initial interview with the INS and while testifying about these events before the IJ. Furthermore, the BIA nowhere explained for what possible reason Mr. Naser would intentionally have provided false information on such trivial points. Instead, it seems that "[t]hese trivial errors merely provided an excuse upon which to predicate a finding of no credibility." Id. at 1337.
 
 
 17
 Both the BIA and IJ failed to articulate valid grounds upon which to base a finding that Mr. Naser was not credible. When the stated reasons for an adverse credibility finding are inadequate and no other specific direction is made to the record, this court should not find that an adverse credibility finding is supported by substantial evidence. See Vilorio-Lopez, 852 F.2d at 1142.
 
 
 18
 "If an asylum applicant's plea is to be rejected and he is to be returned home--possibly to face renewed threats to his life--simply because an [adjudicator] doubts his credibility," that adjudicator must make an explicit and direct finding that the applicant was untruthful. Id. at 1383. Because the adverse credibility findings fail to comply with this standard, I believe the case should be remanded for a determination of Mr. Naser's eligibility for asylum.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4. The panel also denies petitioner's request to hold this appeal in abeyance while petitioner moves to reopen proceedings before the BIA
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or used by the courts of this circuit except as provided by Ninth Circuit Rule 36-3